UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GONZALO R. RUBANG, JR. | No. 2:18-cv-2350-JAM-KJN PS |
| Plaintiff | |
| v. | FINDINGS AND RECOMMENDATIONS |
| GALLAGHER BASSETT SERVICES, INC., et al., | |
| Defendants. | |

Plaintiff Gonzalo Rubang, proceeding without counsel, commenced this action on August 29, 2018, and requested leave to proceed *in forma pauperis*. (ECF Nos. 1, 2, 4.) On September 4, 2018, plaintiff also filed a first amended complaint. (ECF No. 3.) Liberally construed, plaintiff's complaint alleged claims of negligence and discrimination against defendant Gallagher Bassett Services, Inc., which appeared to be either a worker's compensation insurance company or a claims management company, and defendant Kathleen Gruber, the adjuster assigned to plaintiff's claim, for failure to authorize certain medical treatments.

In October 1, 2018 findings and recommendations, subsequently adopted by the district judge (ECF Nos. 5, 7), the court determined that, regardless of any potential merit to plaintiff's claims, the documents attached to plaintiff's complaint showed that plaintiff had already filed

1

such claims against the same named defendants in the Solano County Superior Court, and that the state court action was dismissed with prejudice on August 10, 2018. (See ECF No. 3 at 12 ["Judgment of Dismissal After Sustaining of Demurrer to Complaint Without Leave to Amend"].) As such, plaintiff's complaint in this case was barred by the doctrine of claim preclusion. Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001). Consequently, the case was dismissed based on the doctrine of claim preclusion and final judgment entered on November 9, 2018. (ECF Nos. 7, 8.)

Subsequently, on April 18, 2019, the Ninth Circuit Court of Appeals vacated this court's judgment and remanded for further proceedings. (ECF No. 16.) More specifically, the Ninth Circuit explained:

> Rubang does not sufficiently invoke the court's jurisdiction in the first amended complaint. Rubang alleges diversity of citizenship jurisdiction under 28 U.S.C. § 1332, but he pleads that both he and Defendant Gruber are citizens of California. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989) ("When a plaintiff sues more than one defendant in a diversity action, the plaintiff must meet the requirements of the diversity statute for *each* defendant or face dismissal."). Because complete diversity of citizenship is lacking, we vacate the judgment, and remand for further proceedings consistent with this order.

(Id.)

Consequently, consistent with the Ninth Circuit's instruction, the court now recommends that the action be dismissed without prejudice for lack of subject matter jurisdiction. Even if the court were to permit plaintiff to amend his complaint to remove Gruber as a defendant, thereby potentially restoring complete diversity of citizenship, a recommendation of dismissal based on claim preclusion would then be required for the reasons outlined above.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The action be dismissed without prejudice for lack of subject matter jurisdiction.
2. Plaintiff's motions to proceed *in forma pauperis* in this court (ECF Nos. 2, 4) be denied as moot.
3. The Clerk of Court be directed to close this case.

////

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO RECOMMENDED.

Dated: April 30, 2019

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE